UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SURAJ P. PURI,<br><br>    Appellant,<br><br>    v.<br><br>WEEKS STREET, LLC,<br><br>    Appellee. | Case No.   15-cv-03636-BLF<br><br>**ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION**<br><br>[Re: ECF 1] |

Appellant Suraj P. Puri appeals the Bankruptcy Court's order denying his motion to enlarge the deadline to submit a proof of claim under Fed. R. Bankr. P. 9006(b)(1). ECF 1-4. For the reasons stated below, the Court lacks jurisdiction to hear this appeal and DISMISSES this appeal without prejudice.

Pertinent to this motion, the Bankruptcy Court denied Puri's motion to enlarge the deadline to submit proof of a claim per Fed. R. Bankr. P. 9006(b)(1) on June 25, 2015. Notice of Appeal 1, ECF 1-4. On July 10, 2015, Puri filed his notice of appeal, fifteen days later. *Id*. at 2. On July 16, 2015, the U.S. Bankruptcy Appellate Panel of the Ninth Circuit issued a notice of deficient appeal because the appeal was filed beyond the fourteen day time period allowed by Fed. R. Bankr. P. 8002.[1]  Notice of Deficient Appeal 1, ECF 1-3.

---

[1] Although Puri elected to have this U.S. District Court hear his appeal, ECF 1-4 at 2, his appeal was transmitted to the Bankruptcy Appellate Panel because Puri did not use the Official Form B 17A for his notice of appeal. ECF 1-1. Since his notice of appeal substantially conformed to the official form, the Bankruptcy Appellate Panel transferred his appeal to the district court. *Id*. at 2.

On July 30, 2015, Puri filed a pleading entitled "Response to Notice of Deficient Appeal and Impending Dismissal of Appeal from Bankruptcy Court Order Denying Suraj P. Puri's Motion to Enlarge Deadline to Submit Proof of Claim ('Response')" in Bankruptcy Court arguing that he "mis-calculated the number of days by one beyond the 14 days allowed by Fed. R. Bankr[.] 8002" and asking that he be allowed "to follow through on his appeal." Response 1, ECF 1-2. On August 17, 2015, the Bankruptcy Court denied Puri's request because

> To the extent Puri requests an extension of time to file a notice of appeal in this court, he must do so by motion. Fed. R. Bankr. Proc. 8002(d)(1). Any such motion must be accompanied by supporting evidence. If a motion is filed, it should be set on 21 days' notice with service on the opposing party. B.L.R. 9014-1.

Bankruptcy Docket entry 624 at 2. Puri has not filed a motion seeking an extension of time. *See generally* Bankruptcy Docket.

A "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). However, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed [] within the time prescribed by this rule [or] within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d).

The "taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007). "The time limit for taking a bankruptcy appeal is both procedural and statutory." *Gonzalez v. Wells Fargo Bank, N.A.*, Case No. 13-cv-00668-JST, 2013 WL 2422776, at *1 (N.D. Cal. June 3, 2013). "An untimely notice of appeal from the bankruptcy court deprives the appellate court of jurisdiction." *Id.* (explaining that "[t]his rigid enforcement is justified by the peculiar demands of a bankruptcy proceeding, primarily the need for expedient administration of the Bankruptcy estate aided by certain finality of orders issued by the Court in the course of administration") (citations omitted). A court "may consider the timeliness of [an] appeal sua sponte." *Stagecoach Utilities, Inc v. County of Lyon.*, 86 B.R. 229, 230 (Bankr. 9th Cir. 1988).

Puri's appeal was filed beyond the fourteen days allowed by Rule 8002 of the Bankruptcy

Rules.  He has also not received an extension of time to file an appeal from the Bankruptcy Court.  As a result, the Court lacks jurisdiction to retain this case.  Accordingly, the Court DISMISSES this appeal without prejudice.  The Clerk is ordered to close the case.

**IT IS SO ORDERED.**

Dated: March 31, 2016

                                                                             _____
BETH LABSON FREEMAN
United States District Judge